UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE MURPHY, on behalf of herself and all other Illinois residents similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 08 C 801 |
| CAPITAL ONE BANK, a Virginia State Bank, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter is before the court on the motion to remand brought by Plaintiff Joanne Murphy. For the following reasons, Murphy's motion is denied.

### BACKGROUND

Murphy, an Illinois resident, originally filed this action in January 2008, on behalf of herself and a putative class of Illinois residents similarly situated, in the Circuit Court of Cook County, Illinois, against Defendant Capital One Bank ("Capital One"), a Virginia corporation. According to the complaint, Capital One violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILSC 505/2, by

charging Murphy, a Capital One credit cardholder, and the purported class[1] an over-the-limit fee in one or more monthly billing cycles over the past three years even though each cardholder timely paid the "minimum amount due" for those cycles.

Within thirty days after service of the complaint, Capital One removed Murphy's suit to this court, asserting federal subject matter jurisdiction in diversity pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) (the "Act"). To demonstrate that this case met the amount in controversy requirement under the Act, Capital One provided two declarations, an original declaration and a supplemental declaration, from one of its employees, Brad Jiulianti ("Jiulianti's Declarations"). In his declarations, Jiulianti states that he is a Senior Business Manager at Capital One and has been employed with Capital One since 1998. He explains that he has personal knowledge and experience regarding the nature of Capital One's business, its organizational structure, the location of its credit card customers, and its overlimit policies and practices. Jiulianti's Declarations further relay that he is familiar with and has accessed and searched Capital One's electronic records concerning its credit card customers' account information.

---

[1] Murphy's purported class definition includes: All natural persons who have or had Capital One credit card accounts with billing addresses in Illinois and who, in one or more billing cycles, timely paid at least the "Minimum Amount Due" for the billing cycle and did not make purchases or other charges during the billing cycle, but who were nevertheless charged an over-the-limit fee for the billing cycle.

In order to estimate the amount in controversy in the instant case, Jiulianti accessed Capital One's electronic records for two consecutive statement cycles within the past three years. He then searched for the total amount of overlimit fees Capital One assessed individuals who met Murphy's purported class definition for a single month (the "Study Month"). Jiulianti then multiplied the Study Month by 36 to obtain an estimate of the total amount of overlimit fees Capital One assessed the purported class during the three-year class period (the "amount in controversy"). From this total, Jiulianti surmised that the amount in controversy was well in excess of $5 million.

Jiulianti explained that his estimation was reliable because Capital One had not seen variations in the month to month assessment of overlimit fees on all its U.S. credit card accounts in excess of 10% and the only way the amount in controversy could be less than $5 million was if the overlimit fees Capital One assessed the purported class members for each of the remaining 35 months of the relevant time period was less than 80% of the overlimit fees it charged them during the Study Month.

Murphy now seeks remand of its case because it believes that Jiulianti's methodology and conclusions regarding the amount in controversy are flawed and do not demonstrate that it is reasonably probable that the stakes of this litigation exceed $5 million.

## LEGAL STANDARD

A defendant may remove a case to federal court if there is federal subject matter jurisdiction. 28 U.S.C. § 1441(a). A federal court has subject matter jurisdiction if there is diversity of citizenship or if the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. If at any time after removal to federal court, and before final judgment, it becomes apparent that the district court lacks subject matter jurisdiction, the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1441. The burden of establishing federal jurisdiction is on the party seeking to invoke it; therefore, when a defendant seeks to remove an action, the burden is on that party to show that an exercise of jurisdiction is warranted. *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 999 (7th Cir. 2000).

Under the Act, federal courts have jurisdiction in diversity over class actions with 100 or more class members in which all the class members are citizens of a state different from that of any defendant and the aggregate amount of the class members' claims in controversy total more than $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(5)(B), (d)(2), (d)(6). The Act requires the removing party to establish each of the jurisdictional facts by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006). That is, the removing party must provide "proof to a reasonable probability that jurisdiction exists." *Shaw*

*v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). With respect to the jurisdictional amount requirement, "once the proponent of jurisdiction has established that the amount in controversy is sufficient, only a 'legal certainty' that judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005).

## **DISCUSSION**

The parties' instant jurisdictional dispute revolves solely around whether Jiulianti's Declarations sufficiently demonstrate that it is reasonably probable that the amount in controversy in the instant case exceeds $5 million.[2] As mentioned above, to demonstrate that the jurisdictional floor had been met, Capital One provided the court with Jiulianti's Declarations, which contain both calculations and conclusions.

We are unpersuaded by Murphy's arguments that Jiulianti's calculations are unreliable. It is transparent from Jiulianti's Declarations that Jiulianti provided us with a good faith estimate of the stakes of this litigation. Despite Murphy's arguments to the contrary, the Study Month was in fact based on a single month during the relevant three-year class period. Consequently, it was reasonable for Jiulianti to estimate the stakes of this litigation by multiplying the Study Month by

---

[2] By definition, the other jurisdictional requirements of the Act have been satisfied: 1) the purported class contains more than 100 class members who are all citizens of Illinois and 2) Capital One is not a citizen of Illinois.

36 because this figure represents the total number of months that took place during the relevant time period. Furthermore, the fact that this calculation (Study Month X 36) resulted in a number greater than $5 million establishes that it is more likely than not that the stakes of this litigation meet the jurisdictional threshold under the Act.

Moreover, Murphy's attacks against Jiulianti's methods and conclusions and her instinctive beliefs that the amount in controversy is less than $5 million do not establish by a legal certainty that the amount in controversy is less than $5 million. Consequently, we find that Capital One has successfully shown that it is more likely than not that the jurisdictional requirements under the Act exist in this case and find that diversity jurisdiction is proper.

## CONCLUSION

For the foregoing reasons, Murphy's motion to remand is denied.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated:   June 5, 2008